IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Madjid Berd, et. al., ) | |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Paul De Bastos and Paul Real Estate, Inc., ) | |
| ) | Case No. 1:16-cv-339 |
| Defendants. ) | |

Before the court is a *pro se* "Motion to Stay Pending Bankruptcy" filed by Defendant Paul De Bastos ("De Bastos") on November 27, 2017. For the reasons set forth below, the motion is denied.

## I. BACKGROUND

Plaintiffs filed this action in the wake of proceedings filed against North Dakota Developments, LLC ("NDD"), Robert Gavin, Daniel Hogan, and relief Defendants by the United States Securities and Exchange Commission, alleging that NDD, Gavin, and Hogan had fraudulently raised more than $62 million from investors through the sale of interests in North Dakota man camps. See Case No. 4:15-cv-053 (D.N.D. May 5, 2015). In their complaint, plaintiffs allege Paul De Bastos and Paul Real Estate, Inc. ("Paul Real Estate"), acting as NDD's sales agents, actively assisted NDD in offering and selling unregistered, nonexempt, and fraudulent securities from May 2012 to April 2015. See Docket No. 1. Specifically, plaintiffs assert claims against Paul Real Estate and De Bastos, by separate counts, for violations of Section 10(b)-5 of the Securities Exchange Act of 1934 (15 U.S.C. § 78(j)) and SEC Rule 10b-5 (17 C.F.R. § 240.10b-5) in connection with the offer or sale or NDD securities and for violations of N.D.C.C. § 10-04-17 by offering and selling

1

unregistered securities and selling securities as an unlicensed agent. De Bastos is president of Paul Real Estate, a Florida corporation and alleged alter ego of De Bastos.

Paul Real Estate apparently filed for bankruptcy in the Southern District of Florida on or about June 8, 2017. On November 27, 2017, De Bastos filed a motion to stay the above-entitled action in its entirety pending Paul Real Estate's bankruptcy, averring that his assets and those of Paul Real Estate may be intertwined.

On November 29, 2017, plaintiffs filed a response in opposition to De Bastos's motion. They aver the circumstances of this case are no so unusual so as to warrant an extension of the automatic stay to De Bastos.

## II. DISCUSSION

Title 11 of the United States Code, section 362(a)(1) "provides that upon the filing of a bankruptcy petition, all judicial and other proceedings are stayed." Missouri v. U.S. Bankruptcy Court for E.D. of Arkansas, 647 F.2d 768, 775 (8th Cir. 1981). The automatic generally applies to bar actions against the debtor; it does not typically extend to solvent codefendants. C.H. Robinson Co. v. Paris & Sons, Inc., 180 F. Supp.2d 1002, 1009-10 (N.D. Iowa 2001) (citing case law from the 3d, 4th, 5th, 8th, and 10th Circuits). However, "the Eighth Circuit Court of Appeals has recognized that, under 'unusual circumstances,' the automatic stay provision can embrace claims against non-bankrupt codefendants." Id.; see also Ritchie v. Capital Management, L.L.C. v. Jeffries, 653 F.3d 755, 762 (8th Cir. 2011); Croyden Assoc. v. Alleco, Inc., 969 F.2d 675, 677 (8th Cir. 1992) (citing A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986)).

"The unusual circumstances in which the bankruptcy court can stay cases against non-debtors are rare." Ritchie, 653 F.3d at 762. "They typically arise where there is such identity

2

between the debtor and third-party defendant that the debtor may be said to be the real party defendant and that a judgment against a third-party defendant will in effect be a judgement or finding against the debtor." Id. (internal quotation marks omitted). "In other words, the automatic stay will apply to non-debtors only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." Id. (internal quotation marks omitted).

Having reviewed the record, the court is not convinced this is one of the rare instances where the stay may apply to De Bastos, a non-debtor. At this point De Bastos is merely speculating that some of his assets may be intertwined with those of Paul Real Estate and the record is otherwise devoid of any suggestion that there is a "formal tie," "contractual indemnification," or "joint obligation" between De Bastos and Paul Real Estate that may be sufficient to create the necessary "identity of interests." See Catholic Order of Foresters v. U.S. Banccorp Piper Jaffray, Inc., 337 F. Supp. 2d 1148, (D. Iowa 2004).

### III. CONCLUSION

De Bastos's motion to stay this case as to him (Doc. No. 35) is at this point **DENIED**.

**IT IS SO ORDERED.**

Dated this 8th day of March, 2018.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court

3